UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-61-C

**CONNIE MARSHALL**                                                                 **PLAINTIFF**

v.

**JUDGE JERRY BOWLES** *et al.*
                                            **DEFENDANTS**

### MEMORANDUM OPINION

The plaintiff, Connie Marshall, acting without the assistance of counsel, has sued the following individuals: Judge Jerry Bowles, Judge Irvin Maze, Mark Birdwhistell, the Cabinet for Health and Family Services, Supervisor Mary Williamson, Child Protective Services, Attorney Arthur Samuels, Mark Hartlage, Sky Tanghe, and Michael Trent. The plaintiff claims that these defendants, acting in concert, have violated various federal laws by placing her three grandchildren in a foster-home environment where they have allegedly been abused and neglected. The plaintiff further alleges that although she has attempted to report the abuse, the defendants have failed to take appropriate action to investigate her claims and to remove the children from harm. The plaintiff requests that the three children be removed from foster care and placed in her custody and that she be awarded fifty million dollars against each defendant.

Because the plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint "before process is served." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); 28 U.S.C. § 1915(e)(2). Under § 1915(e)(2)

the court must dismiss a case at any time if the court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. *See id*.

A child allegedly abused in a foster home can raise a claim under 42 U.S.C. § 1983 based on the denial of substantive and procedural due process rights. *See Meador v. Cabinet for Human Res.*, 902 F.2d 474, 476 (6th Cir. 1990). However, "only the person toward whom the state action was directed, and not those incidentally affected may maintain a § 1983 claim." *Morgan v. City of New York*, 166 F. Supp. 2d 817, 819 (S.D.N.Y. 2001). Thus, even if the court assumes that the plaintiff's allegations of neglect and abuse are true, the right to bring suit under § 1983 belongs to the children upon whom the abuse has allegedly been inflicted, not to the plaintiff, their non-custodial grandmother.

Further, "although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."). Consequently, in a civil rights action, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."

*Shepherd*, 313 F.3d at 970.  Thus, even if the plaintiff had brought this action on behalf of the minor children and not herself, the court would still not be permitted to allow the action to proceed as the plaintiff is not represented by counsel.

Because the plaitniff has failed to state a cognizable claim personal to her, the court will enter an order of dismissal consistent with this memorandum opinion.

Signed on  August 3, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**

3